UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ZACHARY BERNARD CLUNE,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN LLC, EQUIFAX INFORMATION SERVICES LLC, TRANSUNION LLC,<br><br>Defendants. | Case No. 1:25-cv-00448-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Plaintiff Zachary Clune has two filings before the Court: an application to proceed without prepayment of fees and a proposed complaint. For the reasons explained below, the Court will grant Clune's application but will dismiss his complaint.

**ANALYSIS**

A person with limited resources may bring a civil case in federal court "in forma pauperis," which means without prepaying the otherwise necessary fees. 28 U.S.C. § 1915. To qualify to proceed this way, such a person must apply with the court by submitting an affidavit—a written document given under oath or affirmation—in which the person explains their financial status and states that they

MEMORANDUM DECISION AND ORDER - 1

are unable to pay the fees. *Id.* The applicant must state the relevant facts in this affidavit "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

The court must also review the applicant's complaint—the document used to start the lawsuit. As part of that review, the court is authorized to dismiss a complaint if the applicant, among other things, fails to state a claim that could result in the granting of relief. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). The Court first "grants or denies [in forma pauperis] status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint." *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). During this initial review, a court generally gives the applicant the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

## The Application

In evaluating the application, the Court compares the applicant's income to the poverty guidelines as a gauge of ability to pay. *Clark v. Commissioner of Social Security*, 2022 WL 1271005, at *1 (E.D. Cal. Apr. 28, 2022). The applicant however need not "be absolutely destitute" to proceed without paying fees. *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948). In Clune's application, he states that he has a family of three. *See Appl.* ¶ 8, Dkt. 1 at 5. The

poverty level for a family of three according to the Guidelines is $26,650. HHS Poverty Guidelines for 2025.[1]

Clune notes that his average monthly income during the twelve months preceding his application was $2,800, and that he expected to receive income of $2,400 the month after filing his application. *Appl.* ¶ 1, Dkt. 1 at 2. If the Court uses the figure Clune provided for his average monthly income in the year preceding the filing of his application, he received $33,600 for the year. If the Court instead uses the figure Clune provided for his expected income in the month following the filing of his application and assumes he will earn that amount over the following eleven months, his yearly income would be $28,800. Using the average of the two monthly income amounts Clune provided, $2,600, his yearly income would be $31,200. With each calculation Clune's annual income is above the poverty level.

That said, Courts have granted applications to proceed without paying fees where the applicant's income is low, the applicant has been unemployed for multiple years, and the applicant's income is roughly equal to expenses. In *Azizeh R. v. Saul*, for instance, a district court granted an application where the applicant was unemployed for at least the two preceding years and the applicant's expenses

---

[1] The HHS Poverty Guidelines for 2025 are available at
https://aspe.hhs.gov/sites/default/files/documents/dd73d4f00d8a819d10b2fdb70d254f7b/detailed-guidelines-2025.pdf.

almost equaled the applicant's income. 2020 WL 8082422, at *1 (S.D. Cal. Oct.

19, 2020). Here, Clune reports that he has been unemployed for roughly six years

and that his average monthly expenses total $7,421, compared to at most $2,800 in

income. *Appl.* ¶¶ 1, 2, 7, Dkt. 1 at 2, 4. His financial circumstances are thus

significantly worse than the applicant's in *Azizeh R*. The Court therefore concludes

that Clune cannot afford to pay any filing fees for this action at this time and

GRANTS his motion for leave to file without paying those fees. *See* 28 U.S.C.

§ 1915(a).

## The Complaint

*Claims 1-3: Section 1983*

Turning to Clune's complaint, he raises seven causes of action against three

credit reporting companies. For his first three causes of action, Clune sues under

42 U.S.C. § 1983. *Compl.* ¶¶ 40-54, Dkt. 2 at 5. A claim under this law requires

that (1) the plaintiff was "deprived of a right 'secured by the Constitution and the

laws' of the United States," and (2) the plaintiff was deprived of this right by a

defendant acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S.

149, 155 (1978).

Here, Clune is suing three private credit reporting companies: Experian,

Equifax, and TransUnion. *Compl.* ¶¶ 9-11; Dkt. 2 at 2. Generally, private parties

are not acting under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th

Cir. 1991). But that is not always the case. The Ninth Circuit has recognized the

following four tests used to identify private conduct that qualifies as state action:

"(1) public function; (2) joint action; (3) governmental compulsion or coercion;

and (4) governmental nexus." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir.

2003). Regardless of which test applies, the fundamental consideration is whether

the private conduct is fairly attributable to the state. *Id*. at 1096. Ultimately, the

plaintiff bears the burden of establishing that a particular defendant is a state actor

under any applicable test. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d

916, 922 (9th Cir. 2011).

Clune does not specifically rely on any of these tests. Regardless, his

argument is clear:  because the credit reporting companies were regulated by the

government, they were state actors. *Compl*. ¶¶ 5, 12; Dkt. 2 at 1-2. He is wrong.

The Supreme Court has stated that "[e]ven extensive regulation by the government

does not transform the actions of the regulated entity into those of the

government." *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483

U.S. 522, 544 (1987). This concept has been applied specifically to credit reporting

companies as well. In *Polin v. Dun & Bradstreet, Inc.*, the Tenth Circuit explained

that "[t]he fact that defendant's credit reporting operations are regulated by federal

and state law is not sufficient to create state action." 768 F.2d 1204, 1207 (10th

Cir. 1985).

Similarly in *Muhammad v. Bethel-Muhammad*, a district court rejected the

argument that Experian and Equifax are government actors because they are

"sanctioned by the Federal Government and are to formulate policies that reflect

the upholding of Constitutional and statutory principles when it comes to disputes

and the false dissemination of information." 2012 WL 1854315, at \*7 (S.D. Ala.

May 21, 2012). That court held that "[s]tate action is not established merely

because a private entity receives government funding or is subject to extensive

government regulation." *Id*. Following this logic, Clune's assertion that the credit

reporting companies are state actors is meritless. As a result, the Court will dismiss

Clune's causes of action brought under Section 1983—claims 1 through 3—

without prejudice to him refiling them in accordance with the guidance provided in

the "Standards for Amended Complaint" section later in this decision.
*See also* 28 U.S.C. § 1915(e)(2)(B)(ii); *Barren*, 152 F.3d 1193.


*Claim 4: Fair Credit Reporting Act*

Clune also sues the credit reporting companies under the Fair Credit

Reporting Act. *Compl*. ¶¶ 55-59, Dkt. 2 at 6; 15 U.S.C. § 1681. In doing so, he

relies on three specific subsections of that Act. *Compl*. ¶¶ 55-59, Dkt. 2 at 6;

15 U.S.C. §§ 1681b(a)(3), 1681i(a)(1), (a)(6)(B)(iii). The first of those subsections

provides that a consumer reporting agency may only furnish a consumer report to

certain persons. 15 U.S.C. §§ 1681b(a)(3). Clune asserts that the "Defendants" violated this provision by "reporting unauthorized credit inquiries without permissible purpose verification." *Compl*. ¶ 58, Dkt. 2 at 6; *see Compl*. ¶ 31, Dkt. 2 at 4.

To survive dismissal, a complaint must only state a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, where the facts in a complaint are "merely consistent with" a defendant's liability, the plaintiff has not shown a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). That is, the complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

To support his claim, Clune provides no more than a conclusory statement that the companies did not have a permissible purpose for reporting credit inquiries. *See Compl*. ¶¶ 31, 58, Dkt. 2 at 4, 6. He adds no facts to support that assertion; rather, his claim merely recites the legal provision. *See Compl*. ¶¶ 31, 58, Dkt. 2 at 4, 6. At best then, his assertion is "merely consistent with" the companies' liability. *See Twombly,* 550 U.S. at 557. But that is not enough to survive dismissal for failure to state a claim for which relief can be granted. *See id*.

Moreover, Clune asserts that the "Defendants" reported credit inquiries without a permissible purpose. *Compl*. ¶ 58, Dkt. 2 at 6; *see Compl*. ¶ 31, Dkt. 2

at 4. But Clune must plead sufficient facts to permit the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Part of that requirement is that the Court be able to determine which defendants are liable for the alleged misconduct. *Jackson v. Warning*, 2016 WL 7228866, at *4 (D. Md. Dec. 13, 2016). To accomplish this, a plaintiff must do more than state that each of the defendants is liable; he must provide specific accusations as to particular defendants. *See id*. (finding the complaint inadequate where plaintiff pled "various violations without ascribing any particular actions to any particular Defendant"). For this reason as well, then, Clune's claim under the permissible purpose provision of the Federal Credit Reporting Act fails to state a claim for which relief can be granted.

For his next claim under the Fair Credit Reporting Act, Clune relies on a separate provision, 15 U.S.C. §§ 1681i(a)(1). That provision states that if a consumer disputes the accuracy of an item on that consumer's credit report, the credit reporting company shall conduct a reasonable reinvestigation into that disputed item. In making his claim under this provision, Clune asserts that "Defendants" did not conduct reasonable reinvestigations because they relied on "automated systems without proper human review or verification procedures." *Compl.* ¶¶ 30, 57, Dkt. 2 at 4, 6.

Although Clune does not state in the complaint itself that he had notified the

credit reporting agencies of disputed information—an action which would have triggered the companies' obligation to conduct a reasonable reinvestigation—he has attached an exhibit to his complaint, which reflects that he did notify the companies of such disputes. *Ex. A*, Dkt. 2-3. Nevertheless, he again fails to identify which Defendants he is accusing of misconduct. *Compl.* ¶¶ 30, 57, Dkt. 2 at 4, 6; *see Jackson*, 2016 WL 7228866, at *4. For this reason, he also fails to state a claim for which relief can be granted under subsection 1681i(a)(1).

In the third claim Clune raises under the Fair Credit Reporting Act, he relies on 15 U.S.C. §§ 1681i(a)(6)(B)(iii). This provision states that the credit reporting company will provide a notice, "if requested by the consumer," describing the procedure used by the company to verify the consumer's information. Clune asserts that the Defendants failed to disclose the method of verification they used in conducting a reinvestigation, adding that Experian provided only a generic response such as "contact Bank of America" without explaining how it conducted the reinvestigation. *Compl.* ¶ 56, Dkt. 2 at 6; Dkt. 2-1 at 6. He also claims that the other two Defendants responded in a similarly inadequate manner. Dkt. 2-1 at 6.

Despite having provided more factual assertions for this claim than he did for his others, those assertions undermine rather than support the plausibility of this cause of action. As review of the exhibits attached to Clune's complaint shows, Equifax did note that Clune could "contact Bank of America," but it did so within

a lengthy document sent to Clune in response to his dispute of certain account information. Dkt. 2-4 at 5; *see U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). This response was therefore part of Equifax's reinvestigation of disputed information. *See* Dkt. 2-3; Dkt. 2-4. If Clune wanted an explanation of Equifax's methodology, he could have requested it, but he has not pointed to any evidence that he did so. Thus, based on the facts Clune provides, he has not triggered Equifax's obligation to explain its methodology, so Equifax's failure to do so is not the basis for a valid claim. *See* 15 U.S.C. §§ 1681i(a)(6)(B)(iii). The same goes for the other two Defendants, as Clune provides no factual basis to conclude that he requested their reinvestigation methodologies either. The Court will therefore dismiss claim 4, which includes each of Clune's claims under the Fair Credit Reporting Act, without prejudice to refiling pursuant to the "Standards for Amending the Complaint" section of this decision. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Barren*, 152 F.3d 1193.

*Claim 5: Privacy Act*

   Next, Clune sues the credit reporting companies under the Privacy Act of

1974. *Compl.* ¶¶ 60-63, Dkt. 2 at 6; *see* 5 U.S.C. § 552a. He claims that these

companies disclosed his personal records in an unauthorized manner to third

parties without his consent. *See Compl.* ¶¶ 26, 60-63, Dkt. 2 at 3, 6. But the

Privacy Act he sues under only allows suits against a federal agency for certain

conduct. 5 U.S.C. § 552a; *see Rouse v. U.S. Dept. of State*, 567 F.3d 408, 413, 413

n.3 (9th Cir. 2009). Clune is not suing a federal agency; he is suing private

companies. He thus fails to state a claim for which relief can be granted, so the

Court will dismiss this cause of action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Barren*,

152 F.3d 1193. Because Clune cannot fix the flaw in this claim by amendment, it

would be futile to let him do so. Thus, his Privacy Act cause of action—claim 5—

will be dismissed with prejudice. *See Johnson v. Buckley*, 356 F.3d 1067, 1077

(9th Cir. 2004).

*Claim 6: Computer Fraud and Abuse Act*

Clune also sues the credit reporting companies under the Computer Fraud

and Abuse Act. *Compl.* ¶¶ 64-66, Dkt. 2 at 6; *see* 18 U.S.C. § 1030. He asserts that

the credit reporting companies "use computer systems to access and share [his]

personal information beyond authorized parameters" "through data broker

relationships." *Compl.* ¶ 27, Dkt. 2 at 3; Dkt. 2-3 at 4. However, the Computer

Fraud and Abuse Act "was enacted to prevent intentional intrusion onto someone

else's computer—specifically, computer hacking." *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1196 (9th Cir. 2022). And the Ninth Circuit has declined to interpret this Act in such a way that would transform it from an anti-hacking suit into an "expansive misappropriation statute." *United States v. Nosal*, 676 F.3d 854, 857 (9th Cir. 2012). Here, Clune does not claim the companies hacked his computer, but rather that after accessing his information, they shared it beyond their authorization. *Compl.* ¶ 27, Dkt. 2 at 3; Dkt. 2-3 at 4. This is not a permissible claim under this Act. *See Nosal*, 676 F.3d at 857. The Court will thus dismiss this cause of action, claim 6, without prejudice to Clune refiling it in accordance with the guidance provided in the "Standards for Amending the Complaint" section below. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Barren*, 152 F.3d 1193.

*Claim 7: Identity Theft Act*

   Finally, Clune sues the credit reporting companies under the Identity Theft Act. *Compl.* ¶¶ 67-69, Dkt. 2 at 6; 18 U.S.C. § 1028. He asserts that the companies trafficked in his personal identifying information. *Compl.* ¶¶ 34, 67-69, Dkt. 2 at 4, 6. But the Identity Theft Act does not create a private cause of action for federal identity theft. *Thornhill v. TransUnion, LLC*, 2025 WL 588623, at *6 (N.D. Ill. Feb. 24, 2025); 18 U.S.C. §§ 1028, 1028a. Clune's claim then cannot result in relief, even if amended, so allowing him to do so would be futile. *See Johnson*, 356

F.3d at 1077. The Court will thus dismiss it with prejudice. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii); *Barren*, 152 F.3d 1193.


Standards for Amending the Complaint

For claims 1 through 3, if Clune chooses to amend the Complaint, he must

demonstrate how the actions complained of have resulted in a deprivation of his

constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980),

*abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). He must also

allege a sufficient causal connection between each Defendant's actions and the

claimed deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Johnson*

*v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of

official participation in civil rights violations are not sufficient to withstand a

motion to dismiss" or to survive screening under 28 U.S.C. § 1915. *Ivey v. Bd. of*

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556

U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of

further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for claims 1 through 3, Clune must state the following against each

Defendant: (1) the name of the person or entity that caused the alleged deprivation

of his constitutional rights; (2) facts showing the Defendant is a state actor or a

private entity performing a state function; (3) the dates on which the Defendant's

conduct allegedly took place; (4) the specific conduct or action Clune alleges is

unconstitutional; (5) the particular constitutional or statutory provision Clune

alleges has been violated; (6) facts alleging the elements of the violation are met—

for example, Clune must allege facts satisfying the elements of a Fourth, Fifth, or

Fourteenth Amendment claim; (7) the injury or damages Clune personally

suffered; and (8) the particular type of relief Clune is seeking from the Defendant.

For each of Clune's claims under the various subsections of the Fair Credit

Reporting Act, or claim 4, he must show that each of the applicable elements are

met. Under 15 U.S.C. § 1681b(a)(3), this means asserting facts that he has personal

knowledge of to show that each permissible purpose identified in this subsection

was not or could not have been used by a specific Defendant. *See Nayab v. Capital

One Bank (USA), N.A.*, 942 F.3d 480, 496 (9th Cir. 2019). As for his claim under

15 U.S.C. § 1681i(a)(1), he must show that (i) his credit report contains inaccurate

or incomplete information; (ii) he notified the consumer reporting agency of the

inaccurate or incomplete information; and (iii) the consumer reporting agency

failed to respond to his dispute with a reasonable reinvestigation. *See* 15 U.S.C.

§ 1681i(a)(1); *see also Saenz v. Trans Union, LLC*, 621 F. Supp. 2d 1074, 1082

(D. Or. 2007). For his 15 U.S.C. § 1681i(a)(6)(B)(iii) claim, he needs to assert and

provide factual support to show that he requested a description of a specific

Defendant's reinvestigation procedure, and that he did not receive that description,

or the description lacked certain information as required by this provision. *See*

15 U.S.C. § 1681i(a)(6)(B)(iii).

As for claim 6, Clune's cause of action under the Computer Fraud and

Abuse Act, he must first indicate the subsection or subsections of that Act that he

is suing under, then he must state, as supported by factual assertions, that a

Defendant has violated that subsection or subsections. 18 U.S.C. § 1030;

*see Twombly*, 550 U.S. at 555. For each of Clune's claims, he must also assert

damages, if required, and his pleadings must set forth "more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555.

Further, any amended complaint must contain all of Clune's allegations in a

single pleading and cannot rely upon, attach, or incorporate by reference his prior

pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th

Cir. 1997) ("[An] amended complaint supersedes the original, the latter being

treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v.*

*Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc.*

*v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that

the district court erred by entering judgment against a party named in the initial

complaint, but not in the amended complaint).

Clune must also set forth each factual allegation in a separate, numbered

paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as the "Amended Complaint." Clune's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

   If Clune files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If he does not amend within 28 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

   In accordance with the Memorandum Decision provided above,

   NOW THEREFORE IT IS HEREBY ORDERED, the application for leave to proceed in forma pauperis (Dkt. 1) is GRANTED.

   IT IS FURTHER ORDERED, that Claims 5 and 7 are DISMISSED with prejudice for a failure to state a claim for which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED, that Claims 1 through 4 and 6 are

DISMISSED without prejudice and with leave to amend. Plaintiff has 28 days to

file an amended complaint as to these claims as explained above.

DATED: November 4, 2025

B. Lynn Winmill
U.S. District Court Judge